<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DALE SURDI, | : | |
| Plaintiff, | : | Civ. No. 08-225 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA GROUP POLICY NO. 40980 - LONG TERM DISABILITY COVERAGE FOR ALL EMPLOYEES CLASSIFIED BY THE EMPLOYER AS SENIOR EXECUTIVES/MANAGERS AND DIRECTORS/SUPERVISORS, | : | |
| Defendant. | : | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion of plaintiff Dale Surdi ("Plaintiff") for default judgment against the Prudential Insurance Company of America Group Policy No. 40980 - Long Term Disability Coverage for All Employees Classified by the Employer as Senior Executives/managers and Directors/supervisors ("Defendant"). The Court has considered the relevant submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant the motion for default judgment.

**I.    BACKGROUND**

On January 14, 2008, Plaintiffs filed a complaint in this Court. Plaintiff properly requested a summons on April 4, 2008. The summons and complaint were served on Defendant

on April 16, 2008.  (Docket No. 11, Affidavit of Service.)  On June 10, 2008, after Plaintiff filed a Request for Default, the Clerk made an Entry of Default.  On June 13, 2008, Plaintiff made the present motion.  As of the date of this opinion, Defendant has not appeared in this case and has not answered, moved or otherwise responded to the summons and complaint.

Plaintiff alleges that she worked as a "Production Area Supervisor" for Cosmetic Essence, Inc. from 1998 to 2006.  (Compl. ¶ 9.)  Plaintiff states that, on February 2, 2006, she was "forced to stop working . . . due to a disability."  (Id. ¶ 11.)  Specifically, she "is disabled as a result of suffering from Chronic Fatigue Syndrome and Fibromyalgia."  (Id. ¶ 12.)

"Plaintiff is covered by a long term disability insurance policy as part of Group Policy # 40980 which her employer, Cosmetic Essence, Inc., held with The Prudential Insurance Company of America."  (Id. ¶ 10.)  Plaintiff states that she received monthly disability benefits from February 3, 2006 to May 24, 2006.  (Id. ¶ 11.)  Plaintiff states that she filed a claim for Long Term Disability benefits on August 3, 2006; the claim was denied on October 6, 2006, "because Prudential had concluded Plaintiff did not show sufficient impairment to be considered disabled under the terms of the plan."  (Id. ¶ 16.)  Plaintiff twice appealed her denial; both times the denial of her claim was upheld.  (Id. ¶¶ 20-25.)[1]

Plaintiff alleges that the conduct of the Defendant "constitutes unlawful failure to pay benefits as forbidden by 29 U.S.C. §1001 et. seq."  (Id. 26.)

## II.   DISCUSSION

### A.   Default Judgment Standard

---

[1] Plaintiff states that in August 2006, the Social Security Administration determined that she was disabled.  (Compl. ¶ 19.)

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 2008 WL 940782, citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment"). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id., citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984). .

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

### B. Application

The Court concludes that Default Judgment is appropriate here. The facts as alleged in the Complaint provide no indication of a meritorious defense. Further, it appears that Plaintiff is prejudiced by the failure to file an answer. The Defendants are presumed culpable where they have failed to answer, move or otherwise respond. Palmer v. Slaughter, No. Civ. A. 99-899-GMS, 2000 WL 1010261 at*2 (D. Del. July 13, 2000) (when Defendant "has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgement against him is appropriate").

The Court must now determine damages.[2] Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b). The Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." Id.

Here, on the basis of the information before the Court, the damages are not a sum able to be made certain. From the documents filed by Plaintiff, it appears that Plaintiff earned $1,492.00

---

[2] In addition to payment of back and future benefits due under the plan, Plaintiff also seeks "[a]ctual damages in an amount to be determined by the enlightened conscience of a jury." (Compl. at 6, ¶ a.) However, recovery under ERISA is considered equitable in nature. See Turner v. CF & I Steel Corp., 770 F.2d 43, 46-47 (3rd Cir. 1985) (holding that "ERISA itself does not make any provision for a jury trial" and denying plaintiffs request for one). See also Cox v. Keystone Carbon Co.., 894 F.2d 647, 649-50 (denying plaintiff right to jury trial on his ERISA claim to due its equitable nature). As such, an award of jury damages would not be appropriate.

biweekly (or $2,984.00 per month) prior to her disability. (Docket No. 21, AR-0004.) The plan at issue required a monthly benefit of sixty percent of the monthly earnings, in this case $1790.40. (Id. at AR-0391.)[3] Plaintiff alleges that she was not paid from May 24, 2006 through the present. However, the court is unable to determine the proper duration during which Plaintiff is eligible for benefits under the plan. The plan appears to provide a schedule for the maximum period of benefits that varies by: (1) the age of the employee on the date the disability began and (2) the employee's "normal retirement age." (Id.) Plaintiff does not appear to have provided the Court with the necessary information for computing this. Indeed, Plaintiff specifically redacts her birth date from the documents filed. See, e.g., id. at AR-0001. Therefore, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine her damages in a sum certain. If Plaintiff fails to submit such evidence, the Court will hold a hearing to determine the damages issue.

Plaintiff also requests attorney's fees and costs. The Court may allow recovery of reasonable attorney's fees and costs "in its discretion." 29 U.S.C. § 1132(g). The Third Circuit has outlined five factors that the Courts have typically considered in this situation: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). After considering these factors, the Court declines to award attorney's fees and costs.

---

[3] The Court notes that Plaintiff states that she is due $895.20 per month. (Plaintiff's Br. at 9.) This appears to be a mistake - $895.20 amounts to 60% of her biweekly pay, not 60% of her monthly pay.

The facts in the Complaint do not support a determination that defendant acted with bad faith, as opposed to a good faith as difference of opinion. Moreover, the Court does not see how an award of attorney's fees against the plan confers a significant benefit on the members of the plan as a whole.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. An appropriate form of order is filed herewith.[4]


Dated: September 8, 2008

                                                                                s/ Garrett E. Brown, Jr.
                                                         GARRETT E. BROWN, JR., U.S.D.J.

---

[4] The Court is in receipt of two letters from Stephen D. Cuyler of the Cuyler Burk, P.C. law firm, dated July 10, 2008 and July 23, 2008. Mr. Cuyler states that he represents "The Prudential Insurance Company of America." Mr. Cuyler requested clarification as to whether his client was a defendant in this action. The Court is also in receipt of two letters from Plaintiff's attorney, Bobby L. Hoye, dated July 18, 2008 and July 28, 2008. Mr. Hoye, in response to Mr. Cuyler's letters, acknowledged that The Prudential Life Insurance Company of America is not a defendant in this action and stated that the clerk has properly identified the plan on the docket as the defendant. The Court agrees that the plan is the defendant in this matter and that the docket properly identified it as such.