NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                              :
DALE SURDI,                                   :
                                              :
                Plaintiff,                  :     Civ. No. 08-225 (GEB)
                                              :
            v.                                 :     **MEMORANDUM OPINION**
                                              :
THE PRUDENTIAL INSURANCE                      :
COMPANY OF AMERICA GROUP                      :
POLICY NO. 40980 - LONG TERM                  :
DISABILITY COVERAGE FOR ALL                   :
EMPLOYEES CLASSIFIED BY THE                   :
EMPLOYER AS SENIOR                            :
EXECUTIVES/MANAGERS AND                       :
DIRECTORS/SUPERVISORS,                        :
                                              :
                Defendant.                  :
_____:

**BROWN, Chief Judge**

       This matter comes before the Court upon the motion for reconsideration of Plaintiff Dale Surdi ("Plaintiff") filed pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1 (i) and Plaintiff's Response to Request for Information on Damages.  (Docket Nos. 29, 30).  The Court has reviewed Plaintiff's submissions and has decided this motion without oral argument pursuant to FED. R. CIV. P. 78.  For the reasons set forth below, this Court will deny Plaintiff's motion for reconsideration and require further information from Plaintiff in order to determine an amount in a sum certain.

**I.      BACKGROUND**

       On January 14, 2008 Plaintiff filed a complaint in this court.  Plaintiff properly requested a summons on April 4, 2008.  The summons and complaint were served on Prudential Insurance Company of America Group Policy No. 40980 ("Defendant" or "Plan"), a Long Term Disability

1

Plan, through Defendant's agent for legal process, Cosmetic Essence, Inc. on April 16, 2008.[1] (Docket No. 11, Affidavit of Service). On June 10, 2008, after Plaintiff filed a Request for Default, the Clerk made an Entry of Default. On June 13, 2008, Plaintiff made a motion for default judgment. Defendant had not appeared in this case and had not answered, moved or otherwise responded to the summons and complaint.

In the Complaint, Plaintiff alleged that she was employed by Cosmetic Essence, Inc. from 1998 to 2006 but was forced to stop working due to a disability. (Compl. ¶¶ 9, 11). Plaintiff further alleged that she is covered by a long term disability insurance policy as part of Group Policy # 40980 which her employer, Cosmetic Essence, Inc., held with The Prudential Insurance Company of America" ("Prudential") (*Id.* ¶ 10). Plaintiff stated that she filed a claim for Long Term Disability benefits on August 3, 2006; the claim was denied on October 6, 2006, "because Prudential had concluded Plaintiff did not show sufficient impairment to be considered disabled under the terms of the plan." (*Id.* ¶ 16). Plaintiff twice appealed her denial; both times the denial of her claim was upheld. (*Id.* ¶¶ 20-25). Plaintiff argued that this denial of benefits constituted an unlawful failure to pay benefits as forbidden by 29 U.S.C. §1001 et. seq. and sought (1) payment of back benefits due under the Plan; (2) payment of future benefits under the Plan and (3) attorney's fees and costs of litigation (Compl. ¶ 26, Prayer for Relief).

On September 8, 2008, the Court entered a Memorandum Opinion and Order: (1) granting Plaintiff's motion for default judgment but also requiring Plaintiff to submit documentary evidence to provide sufficient information to determine her damages in a sum certain and (2) denying Plaintiff's request for attorney's fees pursuant to 29 U.S.C. § 1132(g). (Docket Nos. 27, 28). Plaintiff filed the Response to the Request for Information on Damages on September 24,

---

[1] The Court noted in its previous Memorandum Opinion that Plaintiff conceded, and the Court agreed, that the Plan, and not Prudential Insurance Company of America, is the appropriate defendant in this matter. (Mem. Op. at 6 n.4) [Docket No. 27].

2008. (Docket No. 30). Plaintiff filed this motion for reconsideration with respect to the Court's ruling on attorney's fees on September 17, 2008. (Docket No. 29).

## II.  DISCUSSION

### A.  Motion for Reconsideration- Standard of Review

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citation omitted). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996), quoting *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

### B.  Plaintiff Is Not Entitled To Attorney's Fees

The Court may allow recovery of reasonable attorney's fees and costs "in its discretion." 29 U.S.C. § 1132(g). The Third Circuit has outlined five factors that the Court is to consider when determining whether an award of attorney's fees is appropriate: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983) (citations omitted). "These policy factors are not requirements in the sense that a party must

demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004).

Plaintiff contends that the Court improperly denied attorney's fees because (1) it misapplied factors 1 and 4 as laid out under *Ursic* and (2) it failed to discuss all five of the *Ursic* factors in its analysis. (Pl.'s Mot. at 5-7). As Plaintiff notes, "in each instance in which the district court exercises its fee-setting discretion, it must articulate its considerations, its analysis, its reasons and its conclusions touching on each of the five factors delineated in *Ursic*," (*Id.* at 7 (citing *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1012 (3d Cir. 1992). As such, the Court now articulates its findings with respect to each of the *Ursic* factors and holds that Plaintiff is nevertheless not entitled to an award of attorney's fees.

### 1. The Offending Parties' Culpability or Bad Faith

#### a. Defendant's Denial of Plaintiff's Claim Does Not Constitute Bad Faith

Under the first factor, the Court must consider "the offending parties' culpability or bad faith." *Ursic*, 719 F.2d at 673. Plaintiff contends the Court misinterpreted the bad faith standard and that a finding of bad faith on the part of Defendant is warranted because Defendant breached its legal duty to Plaintiff by improperly denying her claim for pension benefits. (Pl.'s Mot. at 5-6).

Although "bad faith normally connotes an ulterior motive for sinister purposes, a losing party may be culpable without having acted with an ulterior motive." *McPherson v. Employee's Pension Plan of Am. Re-Ins. Co., Inc.*, 33 F.3d 253, 256-57 (3d Cir. 1994). "Instead, it is sufficient to show that the losing party engaged in conduct beyond negligence, such as the breach of a legal duty or commission of fault, though not necessarily malicious." *Addis v. Ltd. Long-Term Disability Program*, No. 05-357, 2006 U.S. Dist. LEXIS 57856, at *3 (E.D. Pa. Aug. 3, 2006) (citing *McPherson*, 33 F.3d at 256-57). "Under this broad definition, courts have

found illogical, arbitrary, or capricious denials of ERISA benefits to be culpable." *Music v. Prudential Ins. Co. Of Am.*, No. 05-1223 2007 U.S. Dist. LEXIS 77771, at *6-*7 (M.D. Pa. Oct. 19, 2007) (citing *Brown v. Cont'l Cas. Co.*, No. 99-6124, 2005 U.S. Dist. LEXIS 16681, at *1 (E.D. Pa. Aug. 11, 2005) (holding that insurer's reliance on alleged oral statements of plaintiff's physician affirming plaintiff's fitness for work was irrational, and hence culpable, because the same physician sent a written letter to the insurer denying such statements and reaffirming plaintiff's inability to work)); *Lyon v. Kimberly Clark Corp. Pension Plan*, No. 05-3201, 2007 U.S. Dist. LEXIS 46424, at *2 (D.N.J. June 26, 2007) (holding that enforcement of requirements not set forth in plan constituted arbitrary and capricious denial of benefits and hence demonstrated culpability); *Addis*, 2006 U.S. Dist. LEXIS 57856, at *1 (reasoning that placing excessive weight on opinions of non-treating physicians while discounting those of treating physicians qualifies as culpable behavior).

     Plaintiff argues that this case is similar to *Smith v. Contini*, where the court held that "a defendant is 'culpable,' . . . if its conduct 'involved the breach of a legal duty' and held that "[a]s fiduciaries under ERISA, defendants breached their legal duty to plaintiff when they improperly denied his claim for pension benefit." *Id.* (quoting *Smith v. Contini*, No. 97-2692, 2003 U.S. Dist. LEXIS 14336, *7 (D.N.J. Aug. 19, 2003)). However, in that case the court held that the defendants had breached a legal duty by requiring a fifteen year vesting period while ERISA only required ten years. *Smith*, 2003 U.S. Dist. LEXIS 14336, at *6-*7. Here, Plaintiff has not alleged any specific violation of ERISA but instead seems to argue that the denial of Plaintiff's claim for benefits was generally impermissible under ERISA based on the evidence presented and therefore constitutes a breach of legal duty. (Pl.'s Mot. at 5-6).

     The Court finds that the denial of Plaintiff's request for benefits does not constitute culpable conduct. 29 U.S.C. §1133 requires every employee benefit plan to provide adequate notice in writing to persons whose benefits have been denied, setting forth the specific reasons

5

for such denial, and affording such persons a full and fair review of the decision denying the claim. *Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp. & Subsidiaries*, 803 F.2d 109, 113 (3d Cir. 1986) (citing 11 U.S.C. §1133). Prudential's actions in denying Plaintiff's request clearly meets these requirements. The record indicates that Prudential thoroughly evaluated Plaintiff's request for benefits and clearly articulated its reasons for their denial. (Source: AR 0358-61, 0367-69, 0373-74). Specifically, in its October 6, 2006 letter, Prudential carefully outlined the reasoning behind its decision to deny Plaintiff's claim for benefits. ("October 2006 Letter;" Source: AR 0358-61). The four page letter explained in detail how Prudential reviewed and assessed the information submitted by Plaintiff regarding her medical condition, daily activities, and occupation. *Id*.

Plaintiff appealed the denial and Defendant responded with a letter dated January 31, 2007. ("January 2007 Letter;" Source: AR 0367). In the January 2007 Letter, Prudential explained its decision to uphold the denial of Plaintiff's claim, noting that an external doctor had completed a full review of the Plaintiff's file and had concluded that the record did not support a finding that Plaintiff suffered from functional impairment that would preclude her from performing the substantial and material duties required by her occupation. (*Id.* at AR 0367- 68). In light of that assessment and Prudential's own review of Plaintiff's medical records, Prudential upheld the denial of Plaintiff's claim for benefits. (*Id.* at AR 0368).

Plaintiff again appealed Prudential's denial and Prudential responded to Plaintiff by letter on September 5, 2007, explaining that a medical consultant specializing in internal medicine and rheumatology had reviewed her file and included a detailed summary of the consultant's findings. ("September 2007 Letter;" Source: AR 0374). The September 2007 Letter indicated that, based on this review, the consultant agreed with Prudential's assessment that Plaintiff was not entitled to long term disability benefits. *Id.*

In light of the above, Prudential's denial of Plaintiff's request for benefits was not in bad faith. Prudential reviewed and thoroughly responded to Plaintiff's requests and appeals as it was required to do under 29 § U.S.C. 1133. Further, Prudential based its denials on medical findings and thoroughly explained the reasoning behind the denials to Plaintiff. As such, the denial of Plaintiff's claim does not constitute "conduct beyond negligence." *Addis*, 2006 U.S. Dist. LEXIS 57856, at *3.

### b. Defendant's Failure to Appear or Otherwise Respond Does Not Constitute Bad Faith

Plaintiff also argues that Defendant's failure to respond to Plaintiff's Complaint and Summons "is unarguably . . . evidence of its bad faith." (Pl.'s Mot. at 6). However, whether Defendant failed to appear or otherwise respond in this action is not the appropriate inquiry under *Ursic*. When analyzing *Ursic*'s first factor, courts consider the actions taken by the parties with respect to the decision to deny or grant a request for benefits under the plan. *Tomasko v. Ira H. Weinstock, P.C.*, 255 Fed. Appx. 676, 681-82 (3d Cir. 2007) (reasoning that "other decisions of this Court, when analyzing *Ursic*'s first factor, have only considered good or bad faith which had a direct bearing on the plaintiff's obtaining, or the defendant's withholding, of the ERISA benefits at issue." (citing *McPherson*, 33 F.3d at 257-8; *Ellison v. Shenango, Inc. Pension Bd.*, 956 F.2d 1268, 1275 (3d. Cir. 1992); *Monkelis v. Mobay Chemical*, 827 F.2d 935, 936 (3d. Cir. 1987); *Groves,* 803 F.2d at 119)); *see also Smith,* 2003 U.S. Dist. Lexis 14336, at *7 (bad faith found on account of defendant's improper denial of benefits). Plaintiff's failure to respond to the summons is immaterial to the decision to deny Plaintiff's request for benefits.

In light of the foregoing, Plaintiff has failed to put forth evidence sufficient to show Defendant acted in bad faith. As such, the first factor weighs in favor of the Defendant**.**

7

### 2. The Ability of the Offending Party to Satisfy an Award of Attorney's fees

The second *Ursic* factor requires the Court to examine the ability of the offending parties to satisfy an award of attorney's fees. *Ursic*, 719 F.2d at 673. Plaintiff argues that Defendant is "clearly able to satisfy an award of attorney's fees" because "Cosmetic Essence Incorporated fully funds the Long Term Disability Plan" and is the "leading global provider of supply chain management services." (Pl.'s Mot. at 9). Plaintiff also asserts that "Prudential Insurance Company of America is one of the largest life insurance companies in the U.S." *Id.* However, Plaintiff has not put forth any evidence to support these claims with respect to Cosmetic Essence, Inc. and its ability to pay. Further, as the Court noted in its Memorandum Opinion dated September 8, 2008, Plaintiff has stated that Prudential is not a defendant in this action. *See* Mem. Op. at 6 n.4. As such, this factor is of neutral impact.

### 3. The Deterrence Effect of an Award of Attorney's fees Against the Offending Parties

"In weighing the deterrence factor, the court looks not only to bad faith conduct but to any behavior that should be avoided in the context of achieving ERISA's objectives." *Addis,* 2006 U.S. Dist. LEXIS 57856 at *6 (citing *McPherson*, 33 F.3d at 258). Thus, *"*even if a Defendant does not act in bad faith, a district court should consider 'whether it would serve the objectives of ERISA to award counsel feels in an effort to deter conduct of the kind in which [the losing party] engaged.'" *Smith*, 2003 U.S. Dist. LEXIS 14336, at *9 (citing *Kann v. Keystone Res.*, *Inc*., 575 F. Supp. 1084, 1096-97 (W.D. Pa. 1983).

Plaintiff argues that the third factor weighs in favor of an award of attorney's fees because doing so would deter Defendant from "unlawfully failing to pay benefits and failing to otherwise respond to claims for benefits in a timely fashion." (Pl.'s Mot. at 9). However, as the evidence discussed above indicates, Plaintiff has not demonstrated that Defendant's denial of Plaintiff's claim was unlawful or in violation of ERISA. *See* Section B.1. above*.* As such, there

is no need to deter Defendant from acting in a similar manner when dealing with future claimants.  Further, the goal of awarding of attorney's fees is not to deter Defendants from failing to respond to legal actions challenging denial of benefits under ERISA.  Instead an award of attorney's fees is proper "if it will encourage the offending party to comply with the general objectives of ERISA and treat plan participants fairly in the future." *Music*, 2007 U.S. Dist. LEXIS 77771 at *8 (citing *McPherson*, 33 F.3d at 258 (holding that district courts may award fees to "serve the objectives of ERISA" even absent bad-faith conduct by the offending party); *Addis*, 2006 U.S. Dist. LEXIS 57856, at *2 (noting that any award of attorney's fees is intended to encourage fair conduct, not to punish prior actions)).  As such, Defendant's failure to respond to the Complaint or otherwise appear in this action is immaterial to the analysis of whether an award of attorneys fees is warranted.  Therefore, the third factor weighs in favor of Defendant.

        **4.**       **The Benefit Conferred Upon Members of the Pension Plan as a Whole**

Plaintiff argues that the Court erred in making the fourth factor under *Ursic*, namely the benefit conferred upon the members of the Plan as a whole, the controlling factor in its analysis. (Pl.'s Mot. at 6-7).  Plaintiff quotes the court in *Brown v. Cont'l Cas. Co.* as reasoning that "there is a 'difficulty of [*sic*] quantifying [the] indirect benefit that members of a plan may receive from a plaintiff's suit for individual benefits, as such it often weighs neither for nor against a fee award when the plaintiff seeks recovery only of the plaintiff's own benefit." (*Id.* at 7, quoting *Brown v. Cont'l Cas. Co.*, No. 99-6124, 2005 U.S. Dist. LEXIS 16681 (E.D. Pa. Aug. 11, 2005)).  After a searching review, the Court did not find this quoted language in *Brown*. However, the Court does find that the case nevertheless stands for the proposition that, because "ERISA does not limit the availability of fee awards only to those who seek broader relief" on behalf of other members of the ERISA plan, "too strong an emphasis on this factor in claims for individual benefits would . . . be in tension with the undifferentiated language of the statute."

*Brown*, 2005 U.S. Dist. LEXIS 16681 at *6 (citing 29 U.S.C. § 1132(g)(1)). As such, in the instant case this factor "does not favor a fee award," but it also "does not weigh against a fee award." *Id.* at *6-*7. Therefore, the lack of benefit conferred on other members of the plan is of neutral impact.

### 5. The Relative Merits of the Parties' Position

The fifth factor requires an evaluation of "the relative merits of the parties' positions." *Ursic*, 719 F.2d at 673. "Though this analysis overlaps with that of the first factor, it also 'considers the losing party's position relative to the prevailing plaintiff's. The question is not whether, but how much, the factor weighs in favor of the prevailing party.'" *Music*, 2007 U.S. Dist. LEXIS 77771 at * 11 (quoting *Addis*, 2006 U.S. Dist. LEXIS 57856, at *3). In the instant case, this motion follows an entry of default judgment. Defendant has not put forth any arguments regarding the merits of the decision to deny Plaintiff's claim for benefits. In the absence of such arguments, it is difficult for the Court to weigh the relative merits of the parties positions. However, even if the Court were to find that this factor weighs in favor of the Plaintiff, a review of all five of the *Ursic* factors reveals that Plaintiff is not entitled to an award of attorney's fees. As such, Plaintiff's motion for reconsideration is denied.

### C.   Plaintiff's Response to Request for Information on Damages

Pursuant to Federal Rule of Civil Procedure 55, "[the] Court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b). The Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id.*

Plaintiff requests actual damages, back benefits, and damages for future benefits. (Compl., Preliminary Statement and Background)[2]. However, ERISA only permits federal court actions brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Oare v. Midlantic Nat'l Bank/Merch.*, No. 88-4141 1990 U.S. Dist. LEXIS 689, at *15 (D.N.J. Jan. 16, 1990) (citing 29 U.S.C. § 1132(a)(1)(B)). As a result, the Court cannot award Plaintiff future benefits, but rather can only clarify Plaintiff's right to future benefits under the plan. 29 U.S.C. § 1132(a)(1)(B). The Court finds that Plaintiff is entitled to future benefits in accordance with the terms of the Plan.

With respect to back benefits, Plaintiff has still not put forth sufficient evidence for the Court to determine the amount to which Plaintiff is entitled under the Plan. In support of Plaintiff's Response to Request for Information on Damages, Plaintiff has submitted an Affidavit, which provides Plaintiff's age as the Court requested in its prior Memorandum Opinion. (Aff. of Dale Surdi [Docket No. 30-2]; Mem. Op. at 5). However, Plaintiff also asserts that she was awarded Social Security Disability benefits beginning in August, 2006 at a monthly rate of $1,394.00. (Pl.'s Resp. at 3). As Plaintiff notes, this number is a deductible source of income that must be deducted from Plaintiff's monthly benefit under the Plan. (*Id.* (citing "Plan;" Source: AR 0404)). However, Plaintiff has not put forth any evidence, such as a sworn statement or a copy of a cancelled check from the Social Security Administration, to verify the amount of benefits which she receives. Therefore, the Court repeats its request to Plaintiff to submit within 20 days documentary evidence with sufficient information to determine her

---

[2]In its previous Memorandum Opinion the Court addressed Plaintiff's request for actual damages and concluded that such an award is not appropriate in ERISA actions. (Mem. Op. at 4 n.2)

damages in a sum certain. If Plaintiff fails to submit such evidence, the Court will be unable to determine the damages.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. An appropriate form of order is filed herewith.

Dated: March 3, 2009

                                                 /s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.