NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DALE SURDI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-225 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA GROUP POLICY NO. 40980 - LONG TERM DISABILITY COVERAGE FOR ALL EMPLOYEES CLASSIFIED BY THE EMPLOYER AS SENIOR EXECUTIVES/MANAGERS AND DIRECTORS/SUPERVISORS, | : | |
| | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff Dale Surdi's ("Plaintiff") Response to Request For Information on Damages. (Docket No. 36). The Court has considered the information on damages and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will enter a judgment for back benefits against defendant Prudential Insurance Company of America Group Policy No. 40980 ("Defendant" or "Plan") in the amount of $11,199.50.

I.  BACKGROUND

On January 14, 2008 Plaintiff filed a complaint in this Court alleging that she was improperly denied Long Term Disability benefits by the Prudential Insurance Company of America Group Policy #40980. Plaintiff sought (1) payment of back benefits; (2) payment for

future benefits; and (3) attorney's fees and cost of litigation.  (Compl. ¶26, Prayer for Relief).  Plaintiff properly requested a summons on April 4, 2008.  The summons and complaint were served on Defendant, the Long Term Disability Plan, through Defendant's agent for legal process, Cosmetic Essence, Inc. on April 16, 2008.[1] (Docket No. 11, Affidavit of Service.)  On June 10, 2008, after Plaintiff filed a Request for Default, the Clerk made an Entry of Default.  On June 13, 2008, Plaintiff made a motion for default judgment.  Defendant had not appeared in this case and had not answered, moved or otherwise responded to the summons and complaint.

On September 8, 2008, the Court entered a Memorandum Opinion and Order: (1) granting Plaintiff's motion for default judgment but also requiring Plaintiff to submit documentary evidence to provide sufficient information to determine her damages in a sum certain and (2) denying Plaintiff's request for attorney's fees pursuant to 28 U.S.C § 1132(g).  (Docket Nos. 27, 28).  Plaintiff filed the Response to the Request for Information on Damages on September 24, 2008.  (Docket No. 30).  Plaintiff also filed a motion for reconsideration with respect to the Court's ruling on attorney's fees on September 17, 2008. (Docket No. 29).  This Court entered a Memorandum Opinion and Order on March 3, 2009 denying Plaintiff's motion for reconsideration with respect to the award of attorney's fees and requesting that Plaintiff submit further evidence to provide sufficient information to determine damages in a sum certain.  (Docket No. 34).  Plaintiff filed a Response to Request For Information on damages on March 20, 2009.  (Docket No. 36).

---

[1] The Court noted in its previous Memorandum Opinion dated September 8, 2008 that Plaintiff conceded, and the Court agreed, that the Plan, and not Prudential Insurance Company of America, is the appropriate defendant in this matter.  (Mem. Op. at 6 n.4) [Docket No. 27].

**II.     DISCUSSION**

    **A.     Plaintiff Has Put Forth Sufficient Evidence to Demonstrate the Amount of Back Benefits in a Sum Certain**.

Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b). However, the Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id*.

Plaintiff has put forth sufficient evidence for the Court to determine damages in a sum certain. Plaintiff became eligible for Long Term Disability benefits on August 1, 2006. (AR 001, Docket No. 22). Under the Plan, Plaintiff is entitled to sixty percent of her monthly earnings minus the amount of any deductible sources of income, including Social Security Disability benefits. (AR 391, 403, 404, Docket No. 22). Prior to her disability, Plaintiff earned $1,492.00 on a biweekly basis, resulting an income of $2,984.00 per month. (AR 004, Docket No. 22). Plaintiff has received Social Security disability benefits since August 2006 and continues to receive such benefits. (Soc. Sec. Admin. Notice of Award, Plaintiff's Exhibits A and B, Docket. No. 36). Plaintiff received the following amounts in Social Security benefits: (1) $6,970.00 for 2006; (2) $17,280.00 for 2007; (3) $17,676.00 for 2008; and (4) $4,167.30 for 2009. (Aff. of Dale Surdi and Soc. Sec. Admin. Notice of Award, Plaintiff's Exhibits A and B, Docket No. 36).

As previously noted, under the terms of the Plan Plaintiff is entitled to 60% of the income she received prior to her disability minus any Social Security benefits she received. (AR 391,

Docket No. 22). 60 % of Plaintiff's monthly income from the period when Plaintiff became eligible for benefits under the Plan, or August 1, 2006, through April 1, 2009 equals $57,292.80. For that same period, Plaintiff's Social Security Benefits equals $46,093.30. Accordingly, Plaintiff is entitled to damages in the amount of $11,199.50.

## III.  CONCLUSION

For the foregoing reasons, judgment in the amount of $11,199.50 is entered in favor of Plaintiff. An appropriate form of order is filed herewith.


Dated: April 13, 2009

                                                    /s/ Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.